**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re EX PARTE* Application of Robert Preslier for an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from the Calder Foundation for Use in a Foreign Proceeding,<br><br>     Applicant. | Case No. 1:20-cv-00684 |

**APPLICANT ROBERT PRESLIER'S MEMORANDUM OF
LAW IN SUPPORT OF HIS *EX PARTE* APPLICATION FOR AN ORDER,
PURSUANT TO 28 U.S.C. § 1782, TO OBTAIN DISCOVERY FROM
THE CALDER FOUNDATION FOR USE IN A FOREIGN PROCEEDING**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

    A.    The Parties and Purchase of the Sculpture ................................................... 2

    B.    The Contemplated French Litigation ........................................................... 3

REQUESTED DISCOVERY ................................................................................................... 4

ARGUMENT ............................................................................................................................ 4

    A.    Preslier Has Satisfied All Statutory Requirements For Discovery .............. 6

        1.    The Calder Foundation is Located in the Southern District of New York. .................. 6

        2.    The Evidence Sought is For Use in a Foreign Proceeding. ......................................... 7

        3.    Preslier is an "Interested Person". ................................................................................ 9

    B.    The *Intel* Discretionary Factors Strongly Favor Granting Discovery ......... 9

        1.    The Calder Foundation will not be a Party in the French Litigation, and so the French Court Cannot Compel Discovery from it. .......................................... 10

        2.    The French Court Would Not Be Hostile To This Application. ................................ 11

        3.    The Application Has Not Been Filed to Circumvent Any Law or Rule. .................... 12

        4.    The Discovery Requests Are Not Unduly Intrusive or Burdensome. ........................ 12

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Brandi-Dohrn v. IKB Deutsche Indstriebank AG,* 673 F.3d 76 (2d Cir. 2012) ............................. 5

*Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir. 1995) ............................................. 11

*Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012) ................................................................ 6

*In re Accent Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017) ........................................................ 9

*In re Application of Auto-Guadeloupe Investissement S.A., for an Order to Take Discovery Pursuant to 28 U.S.C. Section 1782*, No. 12 MC 221 RPP, 2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012) ................................................................................................................................ 11

*In re Application of Consellior Sas*, No. 16MC00400, 2017 WL 449770 (S.D.N.Y. Feb. 2, 2017) ............................................................................................................................... 10, 12

*In re Bayer AG*, 146 F.3d 188 (3d Cir. 1998), *as amended* (July 23, 1998) .................................. 5

*In re Consellior SAS, Kerfraval, Ass'n De Documentation Pour L'industrie Nationale*, No. 13 MC 34, 2013 WL 5517925 (D. Conn. Oct. 2, 2013) .......................................................... 10, 11

*In re Edelman*, 295 F.3d 171 (2d Cir. 2002) ................................................................................. 5

*In re Ex Parte Application of Porsche Automobil SE*, No. 15-0417, 2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ..................................................................................................................... 10

*In re O'Keeffe*, 646 F. App'x 263 (3d Cir. 2016) ....................................................................... 10

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) .................................... *passim*

*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) ........................................................................ *passim*

**Statutes**

28 U.S.C. § 1782 .................................................................................................................. *passim*

## PRELIMINARY STATEMENT

Applicant Robert Preslier ("Preslier" or the "Applicant"), by and through his undersigned attorneys, respectfully seeks an order pursuant to 28 U.S.C. § 1782 for discovery from the Calder Foundation, a New York based non-profit foundation, for use in French litigation that will be commenced imminently (the "French Litigation").[1] The dispute giving rise to the French Litigation concerns a sculpture made by the late American sculptor, Alexander Calder, which Preslier purchased from Artcurial ("Artcurial" or "Defendant"), a French auction house, in 2010.

On or about May 31, 2010, Artcurial sold to Preslier a Calder sculpture – named "Pour Vilar" – which it claimed was created in or around 1952 - 1955, for € 2,287,810.20. Preslier has learned that, in fact, this was a misrepresentation, as Pour Vilar appears to have been created in approximately 1965-1967. This misrepresentation regarding the date of the sculpture significantly affects its value. In order to affirmatively establish this misrepresentation, Preslier requests specific discovery from the Calder Foundation, the world's foremost expert on Calder's works. While the Calder Foundation has confirmed in a recent letter to Preslier's French counsel that the sculpture was created in approximately 1965-1967, it has indicated that it cannot produce any supporting documents to Preslier without a subpoena.

Preslier satisfies each statutory requirement for Section 1782 discovery. Preslier is an interested party in the French Litigation, in which he plans to seek significant damages from Defendant, and any other responsible parties, resulting from Defendant's misstatement regarding when Pour Vilar was created. The Calder Foundation is found in this District, and the requested document discovery is for use in the French Litigation.

---

[1] The French Litigation is described in more detail in the Factual Background section below.

Second, the discretionary factors set out by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) favor this Court granting the requested discovery. The Calder Foundation is a non-party located in the United States, beyond the reach of the French courts, making Section 1782 discovery the most effective and efficient way to obtain evidence relevant to the French Litigation. Moreover, the French courts will accept such discovery assistance provided by a United States court, as French courts do not prohibit the discovery sought in this Application and because the discovery sought through the Application is relevant to the central issue in the French Litigation. Finally, the requests are modest and narrowly tailored to determining the date of the sculpture, which is the core issue of the French Litigation.

Furthermore, granting the Application will foster Section 1782's twin aims of providing efficient assistance to participants in anticipated international litigation and encouraging foreign countries to similarly assist our courts. In short, the Calder Foundation has information that is highly relevant to the claims that will be asserted in the French Litigation, and the Court should grant Preslier the discovery he seeks to obtain this information.

## FACTUAL BACKGROUND

### A.     The Parties and Purchase of the Sculpture

Applicant Robert Preslier is an individual who resides in Switzerland. Preslier attended an auction, held by the prospective defendant, Artcurial, a French auction house, on May 31, 2010. *See* Preslier Decl., ¶ 5. At the auction, Artcurial offered a sculpture by Alexander Calder, called "Pour Vilar", for sale, and explicitly represented that it was created in or around 1952 - 1955. *See* Preslier Decl., ¶¶ 7-9 and Exs. 1-3. The sculpture was purchased by Preslier for € 2,287,810.20. *See* Preslier Decl., ¶ 6.

Based on correspondence that Preslier and his counsel received from the Calder Foundation and Christie's auction house in July 2019, it appears that not only is the 1952-1955 date of the

work incorrect, but Artcurial was informed before the sale that the date was wrong. *See* Preslier Decl., ¶¶ 10-14 and Ex. 4; Dufau Decl., Ex. B. If the sculpture was in fact created in the 1965 - 1967 time period, Christie's has informed Preslier that the sculpture is likely to be worth approximately 30-40% less than it would be if it was created in the 1952 – 1955 period. *See* Preslier Decl., ¶ 12.

The Calder Foundation is a 501(c)(3) organization, formed by the Calder family to collect, exhibit, preserve, and interpret the art of Alexander Calder. The Calder Foundation is based in New York City, and has its offices at 207 W. 25th Street, 12th Floor, New York, NY 10001. *See* Gelber Decl., ¶ 3 and Ex. 1.

Based on conversations and correspondence with Jane Pakenham, general counsel at the Calder Foundation, the Foundation has documents that will be crucial for use in the French Litigation. *See* Preslier Decl., ¶¶ 15-16; Gelber Decl., ¶¶ 7-8.

### B. The Contemplated French Litigation

On October 16, 2019, Preslier, through his French counsel, sent a letter to Artcurial. *See* Dufau Decl., Ex. E. The letter stated that Preslier intended to take legal action as a result of the misrepresentation made by Artcurial regarding the creation date of Pour Vilar—actually 1965-1967, rather than 1952-1955 as was claimed in the auction and sale. Artcurial's counsel responded by letter dated November 22, 2019, and asked how Preslier can be sure that the sculpture was created in the 1965-1967 period. *See* Dufau Decl., Ex. F.

As soon as Preslier is able to obtain proof regarding true date of Pour Vilar, which appears based upon correspondence with Christie's and the Calder Foundation to be 1965-1967, rather than 1952-1955 (as represented by Artcurial in connection with the sale), he intends to file against Artcurial a civil lawsuit for fraudulent misrepresentation and he may pursue a criminal litigation for forgery and the use of forgery. In order to succeed in a civil lawsuit for fraudulent

3

misrepresentation in France, a plaintiff must show that (1) the defendant made a false statement, (2) that the defendant knew to be false, (3) in order to induce the plaintiff to enter into a contract. *See* Dufau Decl., ¶ 12.  In order to successfully prosecute a criminal litigation like this one, a similar showing must be made, either by the victim of the forgery or by the prosecutor. *Id*. (In France, a victim of a crime can bring a criminal litigation himself or he can request that the prosecutor bring the action. *Id*.)  Information held by the Calder Foundation will be vital to both Preslier's initial filings, as well as to ultimately prove either his civil or criminal claims. *Id*. at ¶ 15.

## REQUESTED DISCOVERY

Through this application, Preslier seeks a very narrow category of documents relevant to his anticipated litigation.  As set forth in the proposed subpoena attached as Exhibit 3 to the Declaration of R. Zachary Gelber, Preslier seeks all non-privileged documents in the possession, custody, and control of the Calder Foundation regarding: (1) the date or dating of Pour Vilar; and (2) communications between the Calder Foundation and any third parties (including, but not limited to, Artcurial and Christie's) about Pour Vilar. On information and belief, the archive number that the Calder Foundation has assigned to the "Pour Vilar" sculpture is "A10079". Therefore, we expect all documents responsive to the proposed subpoena will likely be filed in the Calder Foundation's document system under this number.

## ARGUMENT

As demonstrated below, Claimant Preslier has satisfied all of Section 1782's statutory requirements, and the discretionary factors set forth by the Supreme Court in *Intel* strongly favor granting the limited discovery requested here.  Section 1782 allows a "broad range of discovery" so as to "assist foreign tribunals in obtaining relevant information that the tribunals may find useful." *Intel*, 542 U.S. at 259, 262.  Congress enacted Section 1782 "to provide equitable and

efficacious discovery for use in foreign and international proceedings" and to make discovery "of evidence for use in foreign litigation simple and fair." *In re Edelman*, 295 F.3d 171, 173 (2d Cir. 2002). Since it was first enacted in 1855, Congress has on several occasions revised the statute— each time expanding the scope of discovery permitted by Section 1782. *See Intel*, 542 U.S. at 247-48; *Brandi-Dohrn v. IKB Deutsche Indstriebank AG,* 673 F.3d 76, 80 (2d Cir. 2012) ([T]he statute has, over the years, been given increasingly broad applicability."); *In re Bayer AG*, 146 F.3d 188, 191-192 (3d Cir. 1998), *as amended* (July 23, 1998) (the evolution of Section 1782 demonstrates a Congressional intent to "facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations.").

To obtain discovery under Section 1782, a party to a foreign proceeding must demonstrate: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). In addition, when a § 1782 applicant has not yet commenced the foreign proceeding for which discovery is sought, such discovery is still warranted where, as here, "the proceeding is within reasonable contemplation" and the applicant shows that "the materials [he] seeks are to be used at some stage of a foreign proceeding." *Id.* at 295, 301. As discussed in detail below, Preslier can easily meet this standard.

Since Preslier has established that the statutory requirements for Section 1782 relief are satisfied, this Court has discretion to grant the application based on certain equitable considerations, including: (i) whether the discovery sought is within the jurisdiction of the foreign proceeding, (ii)

"the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) whether the Section 1782 request "conceals an attempt to circumvent foreign proof gathering restrictions," and (iv) whether the request is otherwise "unduly intrusive or burdensome." *See Intel*, 542 U.S. at 264-65. Here, these discretionary considerations all weigh in favor of granting Preslier's request for assistance.

Further, district courts must exercise their discretion under Section 1782 in light of the twin aims of the statute: "providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *Intel*, 542 U.S. at 252. A grant of Section 1782 discovery here would serve these goals.[2]

### A.  Preslier Has Satisfied All Statutory Requirements For Discovery

Preslier's Application clearly satisfies the three statutory requirements outlined by the Second Circuit for Section 1782 relief: (1) the Calder Foundation resides in this District, (2) the documents sought are "for use" in a foreign proceeding before a foreign tribunal, and (3) the application is being made by Preslier who is an "interested person" in the anticipated foreign proceeding. *See Mees*, 793 F.3d at 297.

#### 1. The Calder Foundation is Located in the Southern District of New York.

According to its website, as well the return address on a letter written by its General Counsel, Jane Pakenham, the Calder Foundation is based in New York City, and has its offices at

---

[2] It is customary for an application seeking Section 1782 relief to be filed *ex parte* because a respondent can challenge an improper request by moving to quash the subpoena at a later time. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012).

6

207 W. 25th Street, New York, NY 10001.  *See* Gelber Decl., Ex. 1; *see also* Dufau Decl., Ex B. The Calder Foundation therefore resides in the Southern District of New York, thus satisfying the first statutory factor for a Section 1782 application.

**2.      The Evidence Sought is For Use in a Foreign Proceeding.**

Second, Preslier easily meets the statutory requirement that the evidence sought through a Section 1782 application be for use in a foreign proceeding.

There is no doubt that the French Litigation—a civil litigation to be filed imminently by Preslier—is the quintessential "foreign proceeding" within the meaning of Section 1782. *See, e.g.*, *Intel*, 542 U.S. at 259 ("foreign proceeding" includes a civil case before foreign court).  As the Supreme Court made clear in *Intel* (the seminal Section 1782 case decided by the Supreme Court) and the Second Circuit reaffirmed in *Mees*, it is not necessary for the foreign proceeding to be pending at the time the evidence is sought, as long as it is in "reasonable contemplation."  *Intel*, 542 U.S. at 247 ("the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent'"); *Mees*, 793 F.3d at 295.  Here, Preslier discovered the fraudulent misstatement regarding the date of the sculpture in early 2019, which was confirmed by Christie's in a letter dated July 25, 2019, and then his counsel wrote a letter to the Defendant on October 16, 2019.  *See* Preslier Decl. ¶¶ 10-11; *see also* Dufau Decl., Ex. E.

In order to establish his civil claim for fraudulent misrepresentation in France, Preslier would need to demonstrate that (1) Artcurial made a false statement, (2) that Artcurial knew to be false, (3) in order to induce Preslier to purchase the sculpture.  *See* Dufau Decl., ¶ 12.  In order to successfully prosecute a criminal litigation like this one, similar facts must be established, either by the victim of the crime or by the prosecutor.  *Id*.

Preslier intends to file suit imminently after he has gathered the highly relevant information sought in this Application.  *See* Preslier Decl., ¶ 17.  Artcurial has shown no willingness to compensate Preslier for the damages, and Preslier has no intention of letting Artcurial walk away from the significant fraud that it perpetrated without a legal battle. *Id*. at ¶¶ 18-19. Therefore, Preslier's imminent lawsuit is certainly "within reasonable contemplation."

In addition, there is no dispute that the evidence sought by this Application is "for use" in the imminent foreign proceeding. To satisfy the "for use" standard in a case such as this one where proceedings have not yet commenced, an applicant must simply show that the requested materials will be used at some stage of the proceeding. *Mees*, 793 F.3d at 295, 300-301.  The evidence need not actually, or even probably, be discoverable or admissible in the foreign proceeding.  *See Intel,* 542 U.S. at 247 ("§ 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding.").  Here, there is no dispute that evidence concerning the date of the Calder sculpture, Pour Vilar, is relevant to Preslier's claims in the French Litigation, as well as to his ultimate ability to prove his claims because to succeed in his case, Preslier must show that the sculpture was incorrectly dated, and that Artcurial's employees or agents knew that it was incorrectly dated when it was sold.  *See* Dufau Decl., ¶ 12.  Indeed, as Artcurial's November 22, 2019 response to Preslier's letter illustrates, information regarding the date of the sculpture and whether Artcurial's employees or agents knew that the 1952-1955 date was incorrect form the very heart of the anticipated litigation. *See* Dufau Decl., Ex. F.

Since Preslier may also present this information to the French authorities to initiate a criminal investigation or bring a criminal litigation himself against Artcurial, the information is further relevant to any such criminal action.  *See In re Accent Delight Int'l Ltd*., 869 F.3d 121, 132

(2d Cir. 2017) (finding that the "for use" element was satisfied where victims of art fraud who "retain the procedural right to submit the requested documents to the magistrate overseeing the investigation" of the fraud.)

### 3.  Preslier is an "Interested Person".

Third, since Preslier will be the sole plaintiff in the French Litigation and will be the sole victim in any related criminal action, there is "no doubt" that he qualifies as an "interested person" within the meaning of Section 1782.  *See Intel*, 542 U.S. at 256 (there is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person.'").  The fact that Preslier has not yet initiated a lawsuit in no way precludes him from being considered an interested person.  *See Mees*, 793 F.3d at 304 (finding that the Section 1782 applicant, an individual who was gathering information to plead and prove a contemplated lawsuit in the Netherlands was "indisputably" an interested person within the meaning of the statute).

### B.  The *Intel* Discretionary Factors Strongly Favor Granting Discovery

Pursuant to the discretionary factors outlined by the Supreme Court in *Intel*, the Court should grant this Application.  In *Intel*, the Supreme Court held that courts should consider four discretionary factors when deciding whether to grant a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceedings or is within the jurisdiction of the tribunal administering the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway or to be commenced abroad, and the receptivity of the foreign court to U.S. assistance; (3) whether the request attempts to circumvent foreign evidence-gathering restrictions or other policies of the foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  *See Intel*, 542 U.S. at 264-65.

### 1. The Calder Foundation will not be a Party in the French Litigation, and so the French Court Cannot Compel Discovery from it.

According to the first discretionary factor set out in *Intel*, there is more of a need for Section 1782 assistance where, as here, discovery is sought from a non-party, which cannot be compelled to provide evidence by the foreign tribunal itself. *Intel*, 542 U.S. at 264 (explaining that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid"); *see also In re Ex Parte Application of Porsche Automobil SE*, No. 15-0417, 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016) ("the relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production . . .").

The Calder Foundation is based in New York, and will not be a party in the French Litigation and thus will be outside the French court's jurisdictional reach. *See* Dufau Decl., ¶ 17; *See also In re Consellior SAS, Kerfraval, Ass'n De Documentation Pour L'industrie Nationale*, No. 13 MC 34, 2013 WL 5517925, at *2 (D. Conn. Oct. 2, 2013) (noting that "[r]espondents are not parties to the action in France and therefore, the French Court cannot order them to produce discovery."); *In re Application of Consellior Sas*, No. 16MC00400, 2017 WL 449770, at *2 (S.D.N.Y. Feb. 2, 2017) (finding that because two individuals were not parties to a French proceeding, the French magistrate does not have jurisdiction to compel their testimony, and Section 1782 relief was warranted); *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (non-party to Hong Kong defamation proceedings was not within the jurisdiction of the Hong Kong courts, warranting Section 1782 relief). Moreover, Preslier has requested the documents from the Calder Foundation and the Foundation's attorney informed Preslier that it would not produce the documents unless compelled to do so by a subpoena. *See* Gelber Decl., ¶ 7.

Because the French courts do not have the power to compel production of the Requested Documents from the Calder Foundation, this alone is sufficient to support granting the requested discovery. *See* Dufau Decl., ¶ 17. The first discretionary factor clearly supports this Court's exercise of discretion to grant Section 1782 discovery.

### 2. The French Court Would Not Be Hostile To This Application.

In evaluating the second discretionary factor, courts should find in favor of discovery absent a "clear directive"—meaning "authoritative proof"—embodied in the foreign country's judicial, executive, or legislative declarations that specifically rejects the use of evidence gathered under foreign procedures. *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995). Here, not only is there is no such clear evidence but, to the contrary, there is every reason to believe that the French court would appreciate and benefit from this Court's assistance. *See* Dufau Decl., ¶ 17. In fact, other courts that have evaluated this factor have concluded that there is no reason to believe that a French court would be hostile to an American court's assistance under Section 1782. *See Euromepa*, 51 F.3d at 1101 (noting that "since no authoritative declarations by French judicial, executive or legislative bodies objecting to foreign discovery assistance appear in the record, we are unable to accept the district court's conclusion that granting MEPA's discovery request will in fact offend the people of France"); *In re Consellior SAS, Kerfraval*, 2013 WL 5517925, at *2 ("There is no indication that the French court would not be receptive to the grant of the instant application to obtain materials that could assist in the resolution of the action pending in France."); *In re Application of Auto-Guadeloupe Investissement S.A., for an Order to Take Discovery Pursuant to 28 U.S.C. Section 1782*, No. 12 MC 221 RPP, 2012 WL 4841945, at *6 (S.D.N.Y. Oct. 10, 2012) (finding that the party opposing discovery failed to show that French courts would be unreceptive to Section 1782 judicial assistance). As such, this factor also favors granting the requested discovery.

### 3. The Application Has Not Been Filed to Circumvent Any Law or Rule.

The Application is brought in good faith and does not seek to circumvent French restrictions with respect to foreign proof gathering or other polices. *See* Dufau Decl., ¶ 18. As an initial matter, there is no French law or rule of evidence that precludes a party from seeking discovery pursuant to a Section 1782 Application. *See id*. Moreover, under French law, to obtain disclosure of documents within the control of a non-party who is located outside of the jurisdiction of the French Court, it is *necessary* to seek the assistance of the courts in that jurisdiction. *See id*. ¶ 17. This factor therefore also supports granting the requested discovery.

### 4. The Discovery Requests Are Not Unduly Intrusive or Burdensome.

The requested discovery is modest and in no way is unduly intrusive or burdensome. Preslier seeks only documents related to the date of Pour Vilar (and Artcurial's knowledge of the date), a topic on which the Calder Foundation is not only an expert, but with respect to which it has indicated it has specific and highly relevant correspondence, all of which is directly relevant to Preslier's claims in the French Litigation. *See* Dufau Decl., ¶¶ 9-10; *See also In re Application of Consellior Sas*, 2017 WL 449770, at *2 ("This factor simply requires that 'the subject matter of the request[] [be] reasonably tailored to speak to the claims and defenses raised in the proceedings at issue.'") In fact, Jane Pakenham, the General Counsel of the Calder Foundation, indicated that she has no objection to the requests, but can only produce them pursuant to a Court Order. *See* Gelber Decl., ¶ 7. This factor therefore also supports the grant of Preslier's Application.

### CONCLUSION

For the reasons set forth above, the Applicant respectfully requests that this Court (i) grant this Application pursuant to 28 U.S.C. § 1782 and enter the Proposed Order with respect to the documents requested herein (attached to this Memorandum of Law), (ii) order the Calder

Foundation to produce said documents within thirty (30) days; and (iii) grant such other and further relief as the Court deems just and proper.

New York, NY
Dated: January 24, 2020                    **GELBER & SANTILLO PLLC**

                                By:    /s/ R. Zachary Gelber
                                        R. Zachary Gelber
                                        Fern Mechlowitz
                                        347 West 36th Street, Suite 805
                                        New York, NY 10018
                                        Tel: 212-227-4743
                                        Fax: 212-227-7371
                                        Email: zgelber@gelbersantillo.com
                                        *Attorneys for Applicant Robert Preslier*