# Gelber Exhibit 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Ex Parte Application of Robert Preslier for an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from the Calder Foundation for Use in a Foreign Proceeding *Plaintiff* ) ) ) | |
| v. ) | Civil Action No. |
| ) ) ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Calder Foundation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached hereto.

| Place: Gelber & Santillo PLLC, 347 W. 36th Street, Suite 805, New York, NY 10018 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert Preslier
_____, who issues or requests this subpoena, are:

R. Zachary Gelber, 347 W. 36th Street, Suite 805, New York, NY 10018. T: 212-227-4743, zgelber@gelbersantillo.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to the Order, the attached Subpoena, and Fed. R. Civ. P. 45, the Calder Foundation is required to produce and permit inspections of the following:

## DEFINITIONS

These Requests are subject to the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules and to the following:

1. "Agent" means any employee or other person acting on your behalf.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Concerning" means relating to, referring to, describing, evidencing, in connection with, arising from, pertaining to, reflecting, demonstrating, indicating or constituting.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "Document" specifically includes any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements; financial models; microfilm; microfiche; tape or disc

recordings; and computer print-outs, e-mails, text messages, instant messaging, and all forms of electronic data and other information stored on electronic media.

5. "Federal Rules" means the Federal Rules of Civil Procedure.

6. "Including" means "including without limitation."

7. "Local Rules" means the Local Rules of the United States District Court for the Southern District of New York.

8. "Person" or "persons" means any natural person or any business, legal or governmental entity or association and the officers, directors, employees, agents, consultants and attorneys thereof.

9. "Request" means this subpoena to produce documents, information, or objects, or when used in reference to a specific request below, means that specific request.

10. "You", "your" or "Calder Foundation" means the subpoenaed party, the Calder Foundation, and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing.

11. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request for production inclusive rather than exclusive.

12. The terms "any" and "each" shall be construed to include and encompass "all."

## INSTRUCTIONS

In addition to the specific instructions set forth below, this Request incorporates the instructions set forth in Federal Rules 26 and 34 and the Local Rules.

1. You are requested to produce not only those documents in your possession, custody, or under your control, but also those documents or materials that are possessed by your

employees, agents, representatives, attorneys, or any other person acting or purporting to act on your behalf regardless of where such documents are located.

2. Each Request for documents, and each subsection of each Request for documents, is to be fully and separately answered.

3. Electronically stored information ("ESI") should be produced in TIFF format, accompanied by an optical character recognition text file, with a Concordance load file (*e.g.*, Concordance DAT and Concordance Image OPT). All TIFF-formatted documents will be single page, black and white, Group 4 TIFF at 300 X 300 dpi resolution and 8 1/2 X 11 inch page size, except for documents requiring different resolution or page size. Microsoft Excel files and other spreadsheets should be produced in native file format. For documents produced in native format, there will also be a placeholder TIFF image with the Bates number of the document produced in native format, stating "Document Produced in Native Format."

4. For each electronic document, please provide the following metadata:

   a. FIRSTBATES
   b. LASTBATES
   c. BEGATTACH
   d. ENDATTACH
   e. PARENT_ID
   f. ATTACHMENT_ID
   g. ATTACHMENT_COUNT
   h. FILE_NAME
   i. FILE_EXTEN
   j. ALL CUSTODIANS (*GENERATED BEFORE DEDUPLICATION PROCESS*)
   k. PATH
   l. AUTHOR
   m. FROM
   n. TO
   o. CC
   p. BCC
   q. SUBJECT
   r. TITLE
   s. NATIVE_LINK (*WHERE APPLICABLE*)

3

        t. PARENT_DATE (*EMAILS AND ATTACHMENTS FOR CHRON SETTING*)
        u. DATE_CREATED (*NON-EMAILS*)
        v. TIME_CREATED (*NON-EMAILS*)
        w. DATE_MOD (*NON-EMAILS*)
        x. TIME_MOD (*NON-EMAILS*)
        y. DATE_SENT
        z. TIME_SENT
        aa. DATE_RECEIVED
        bb. TIME_RECEIVED
        cc. DATE_PRINT (*NON-EMAILS*)
        dd. TIME_PRINT (*NON-EMAILS*)
        ee. PAGE_COUNT
        ff. MD5HASH (*TO IDENTIFY ORIGINAL DOCUMENT*)
        gg. TEXT (LOCATION TO THE TEXT FILE)

5. For each hardcopy document, please provide the following metadata:

        a. FIRSTBATES
        b. LASTBATES
        c. BEGATTACH
        d. ENDATTACH
        e. PARENT_ID
        f. ATTACHMENT_ID
        g. ATTACHMENT_COUNT
        h. CUSTODIAN
        i. PAGE_COUNT
        j. TEXT (LOCATION TO THE TEXT FILE)

6. A Request for a document shall include a Request for all drafts thereof and all revisions and modifications thereof, whether in hardcopy form or ESI.

7. If you object to all or any portion of any of the below Requests, you shall identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, you shall produce all documents and information to which such objection does not apply.

8. If any portion of any document is responsive to any Request, the entire document must be produced, including all attachments and enclosures.

9. Documents are to be produced in their full and unexpurgated form, together with all drafts and non-identical copies of each.

10. If you object to any portion of this Request, including the above Definitions and these Instructions, on grounds of vagueness or ambiguity, you shall identify in your response the language you consider vague or ambiguous and state the interpretation you are using in responding.

11. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

12. Pursuant to Federal Rule 34(b), documents produced in response to this Request shall be: (a) organized and designated to correspond to a specific Request enumerated herein or, if not, (b) produced as they are kept and maintained in the normal course of business, and in either case: (i) all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to the owner or custodian; (ii) all documents that cannot be legibly copied shall be produced in their original form, otherwise you may produce photocopies; and (iii) each page shall be given a discrete production number.

13. You must retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

14. Any request that demands the production of "documents sufficient to show" requires you to produce those documents sufficient to provide all the information necessary to show, identify, or describe the subject matter requested.

15. Documents and information responsive to individual Requests shall be produced as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

16. If there are no documents or information responsive to all or any portion of any Request, so state in writing.

17. If you are unable to produce a document that is responsive to a Request, describe the document, state why it cannot be produced and, if applicable, state the whereabouts of such document when last in your possession, custody or control.

18. Other than redactions of privileged information, documents are to be produced in full. If any requested document cannot be produced in full, or if you withhold production of any document or portion of any document responsive to these Requests based upon any privilege, protection or immunity, produce it to the extent possible and provide the following information with regard to each such document and each portion of such document withheld:

   a. The type of document;
   b. The date of the document;
   c. The author(s) of the document and their title(s);
   d. The sender(s) of the document and their title(s);
   e. The recipient(s) of the document and their title(s) (whether copied or blind copied);
   f. The subject matter of the document and each portion withheld;
   g. The basis for withholding each portion of the document that is withheld from production; and

   h. Any other information required pursuant to the Federal Rules or the Local Rules.

The above information shall be produced in a manner which complies with the applicable rules in this jurisdiction governing privilege logs and shall be provided in electronic format in a manner that is searchable and sortable.

  19. Any reference to a person that is a business entity and is not otherwise defined includes: that person's or entity's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, liquidators, trustees and each other person, directly or indirectly owned or controlled by any of them.

  20. In construing each Request herein:

   a. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, voices, whenever necessary to bring within the scope of any Request all information that might otherwise be construed to be outside its scope;

   b. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever necessary in order to bring within the scope of this Request any document or information that might otherwise be construed to be outside of its scope;

   c. Words in the masculine, feminine, or neuter gender shall include each of the other genders;

   d. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any

7

            document or information that might otherwise be construed to be outside its scope; and

    e.    The terms "all," "any," and "each" shall each be construed as encompassing all, any, and each.

21.    The Request is continuing in nature. In the event that you become aware of responsive documents and/or information in addition to, or in any way inconsistent with, that which you previously have produced to Applicant, prompt supplementation of your responses to the Request is required.

## DOCUMENT REQUESTS

a) All documents regarding:

    i. the dating or date of the sculpture, Pour Vilar; and

    ii. communications between the Calder Foundation and any third parties (including, but not limited to, Artcurial and Christie's) about Pour Vilar.