UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re EX PARTE* Application of Robert Preslier for an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from the Calder Foundation for Use in a Foreign Proceeding,<br><br>Applicant. | Case No. 1:20-cv-00684 |

## DECLARATION OF PIERRE-RANDOLPH DUFAU

Pursuant to 28 U.S.C. § 1746, I, Pierre-Randolph Dufau, declare:

1. I am a lawyer at the law firm, PRD Societe d'Avocats in Paris, France. I was retained by Robert Preslier to assist him in filing a lawsuit against Artcurial, and any other responsible parties, in connection with statements made by Artcurial in 2010.

2. I submit this declaration in support of Preslier's *ex parte* application, pursuant to 28 U.S.C. § 1782 for discovery from the Calder Foundation for use in French litigation that I intend to commence imminently on Preslier's behalf.

### *The Dispute Regarding the Creation Date of Pour Vilar*

3. As described in greater detail in Preslier's Declaration, submitted together with the instant Application, Preslier purchased a sculpture called "Pour Vilar", made by Alexander Calder, from Artcurial on May 31, 2010. In connection with that

1

      purchase, Artcurial represented to Preslier that the sculpture was created in the 1952-1955 time period.

4. In September 2017, Christie's provided Pour Vilar to the Calder Foundation to be examined, on Preslier's behalf, as he was considering selling the sculpture. The Calder Foundation informed Christie's shortly thereafter that the sculpture may have been created in the 1965 – 1967 time period.

5. I wrote to the Calder Foundation on June 17, 2019, requesting information regarding the dating of Pour Vilar at the time of its sale to Mr. Preslier in 2010, and its communications with Artcurial regarding the same. A true and correct copy of that letter is attached hereto as **Exhibit A**.

6. On July 15, 2019, the Calder Foundation responded, informing us that the Calder Foundation examined Pour Vilar in May 2010 at Artcurial's request, and informed Artcurial that it was created in approximately 1965-1967. The Calder Foundation also indicated that it informed the individual who wrote the description of Pour Vilar in the Artcurial catalogue prior to its sale, Arnauld Pierre, that the sculpture should be dated 1965-1967. A true and correct copy of the Calder Foundation's July 15, 2019 letter is attached hereto as **Exhibit B**.

7. On July 22, 2019, I responded Calder Foundation's letter, requesting a copy of the written exchanges that the Foundation had with both Mr. Pierre and others at Artcurial, as well as the archival number that the Calder Foundation attributed to the artwork. A true and correct copy of that letter is attached hereto as **Exhibit C**.

8. On September 13, 2019, one of my colleagues, Aimée Chupin, spoke to Jane Pakenham, general counsel at the Calder Foundation, by telephone and she informed

        my colleague that the Calder Foundation would not produce any documents to us, unless compelled to do so via a subpoena. I followed up on that conversation and again wrote to the Calder Foundation in a letter dated September 19, 2019 requesting relevant documents from the Foundation. A true and correct copy of that letter is attached hereto as **Exhibit D**.

9. Based on the conversations and correspondence between my office and Ms. Pakenham, it appears that the Foundation has documents relating to the date of Pour Vilar and its communications with Artcurial and Mr. Pierre, about this issue, but it will not release copies of these documents to me without a subpoena.

10. In order to affirmatively establish whether Artcurial made misrepresentations to Preslier in connection with the 2010 auction and whether these misrepresentations were intentional, we seek from the Calder Foundation any documents regarding the date of Pour Vilar, as well as any communications between the Calder Foundation and any third parties about Pour Vilar.

### *Our Intention to Sue Artcurial in French Court*

11. Preslier intends to file a civil lawsuit for fraudulent misrepresentation and may also pursue a criminal litigation for forgery and the use of forgery against Artcurial, and any other responsible parties, for its apparent misrepresentation regarding the date of Pour Vilar, in French court ("the French Litigation"), as soon as we receive the requested documents from the Calder Foundation.

12. In order to succeed in a civil lawsuit for fraudulent misrepresentation in France,[1] a plaintiff must show that (1) the defendant made a false statement, (2) that the defendant knew to be false, (3) in order to induce the plaintiff to enter into a contract. In order to successfully prosecute a criminal litigation like this one, a similar showing must be made, either by the victim of the forgery or by the prosecutor. (In France, a victim of a crime can bring a criminal litigation himself or he can request that the prosecutor bring the action.)

13. On October 16, 2019, I sent a letter to Artcurial. The letter stated that Preslier intended to take legal action as a result of the misrepresentation made by Artcurial regarding the creation date of Pour Vilar. A true and correct copy of that letter, as well as an English translation, is attached hereto as **Exhibit E**.

14. Artcurial's counsel responded by letter dated November 22, 2019, and asked how Preslier can be sure that the sculpture was created in the 1965-1967 period. A true and correct copy of that letter, as well as an English translation, is attached hereto as **Exhibit F**.

15. As soon as we are able to obtain proof regarding true date of Pour Vilar, we intend to file suit on Preslier's behalf. This information from the Calder Foundation is vital to Preslier's claims in the French Litigation.

*A French Court Would be Receptive to Evidence Procured via This Application*

16. French courts regularly accept evidence procured in the United States pursuant to 28 U.S.C. § 1782.

---

[1] Note that a fraudulent misrepresentation claim in France is referred to as a "dol."

17. I believe that a French court would appreciate and benefit from the evidence requested in this application, especially given that the Calder Foundation will not be a party in the French Litigation and thus will be outside a French court's jurisdictional reach. In fact, under French law, to obtain disclosure of documents within the control of a non-party who is located outside of the jurisdiction of the French Court, it is necessary to seek the assistance of the courts in that jurisdiction.

18. This Application is brought in good faith and does not seek to circumvent French restrictions with respect to foreign proof gathering or other polices. There is no French law or rule of evidence that precludes a party from seeking discovery pursuant to a Section 1782 Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in ___Paris___ on this 23 day of January, 2020.

_____
Pierre-Randolph Dufau