**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re EX PARTE* Application of Robert Preslier for an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from the Calder Foundation for Use in a Foreign Proceeding,<br><br>Applicant. | Case No. 1:20-cv-00684 |

### DECLARATION OF ROBERT PRESLIER

Pursuant to 28 U.S.C. § 1746, I, Robert Preslier, declare:

1.  I submit this declaration in support of my application, pursuant to 28 U.S.C. § 1782 for discovery from the Calder Foundation, a New York based non-profit foundation, for use in French litigation that I intend to commence imminently.

2.  I am a Swiss citizen and reside in Switzerland.

3.  The Calder Foundation is a 501(c)(3) organization, formed by the Calder family to collect, exhibit, preserve, and interpret the art of Alexander Calder.   The Calder Foundation is based in Manhattan, in New York City.

4.  Artcurial is a French auction house that sells high-end works of art.

*My Initial Purchase of Pour Vilar*

5.  On May 31, 2010, I attended an auction at Artcurial, a French auction house, at their offices in Paris, France.



1

6.     At that auction, I offered € 2,287,810.20, inclusive of tax, to purchase a sculpture made by Alexander Calder,  called "Pour Vilar".  My offer was accepted and I purchased Pour Vilar for that amount.

7.     In its catalogue advertising the works that would be offered at the auction, Artcurial stated that Pour Vilar was created "circa 1955" by Calder.  Attached as **Exhibit 1** is a true and correct copy of an excerpt from that catalogue.

8.     In the invoice, provided to me by Artcurial in connection with the sale, and dated June 3, 2010, it states that Pour Vilar was created "circa 1952."  Attached as **Exhibit 2** is a true and correct copy of the invoice.

9.     In an Artcurial press release dated June 3, 2010 announcing the sale of the sculpture, Artcurial stated that Pour Vilar was created "circa 1952."  Attached as **Exhibit 3** is a true and correct copy of that press release, together with an English translation.

***My Discovery of Artcurial's Likely Fraud in Connection with the Sale of Pour Vilar***

10.    In 2017, I contacted Christie's auction house to ask them to assist me in a potential sale of Pour Vilar.  Christie's provided Pour Vilar to the Calder Foundation to be examined in mid to late 2017.  I understand that Christie's and the Calder Foundation engaged in protracted oral and written discussion in late 2017 and 2018, and the Calder Foundation ultimately informed Christie's in 2019 that the sculpture was created "circa 1967."

11.    Christie's wrote me a formal letter, dated July 25, 2019, stating that the Calder Foundation had determined that Pour Vilar was created "circa 1967."  Attached as **Exhibit 4** is a true and correct copy of that letter, together with an English translation.

2

12.   Christie's informed me that if the sculpture was in fact created circa 1967, it is likely to be worth approximately 30-40% less than it would be if it was created in the 1952 – 1955 period.

13.   My lawyer wrote to the Calder Foundation on June 17, 2019, requesting information concerning how the Calder Foundation had dated Pour Vilar before selling it to me 2010, and its communications with Artcurial regarding the same.[1]

14.   On July 15, 2019, the Calder Foundation wrote to my lawyer, informing us that the Calder Foundation examined Pour Vilar in May 2010 at Artcurial's request and informed Artcurial that it was created between approximately 1965 and 1967.  The Calder Foundation also indicated that it had informed Arnauld Pierre, the individual who wrote the description of Pour Vilar in the Artcurial catalogue prior to its sale, that the sculpture should be dated 1965-1967.  It appears that not only was the 1952-1955 dating of the work incorrect, but that Artcurial and Mr. Pierre, knew about this before it sold Pour Vilar to me.

### My Request from the Calder Foundation

15.   Based on my lawyers' conversations and correspondence with Jane Pakenham, general counsel at the Calder Foundation, the Foundation has documents relating to the date Pour Vilar was created (including communications with Artcurial and Arnaud Pierre about this issue), which it is willing to share, but it will not release copies of these documents to me without a subpoena.

---

[1] The relevant letters between the attorneys are attached to the corresponding declarations filed by my attorneys.

3

16.     In order to affirmatively establish whether Artcurial made misrepresentations to me in connection with the 2010 auction and whether these misrepresentations were intentional, I am seeking any documents that the Calder Foundation has regarding the creation date of Pour Vilar, as well as any documents it has reflecting communications with Artcurial, and any third parties, regarding Pour Vilar.

### My Intention to Sue Artcurial in French Court

17.     I intend to file a civil lawsuit, and I may also pursue a criminal litigation, against Artcurial, and any other responsible parties, for its apparent misrepresentation regarding the date of Pour Vilar, in French court (hereafter, "the French Litigation"), as soon as I receive the requested documents from the Calder Foundation.

18.     On October 16, 2019, my French lawyer sent a letter to Artcurial.  The letter (attached to my lawyer's declaration filed in connection herewith) stated that I intended to take legal action as a result of the misrepresentation made by Artcurial regarding the creation date of Pour Vilar.

19.     Artcurial's counsel responded by letter dated November 22, 2019, and asked how I can be sure that the sculpture was created in the 1965-1967 period.

20.     As soon as I am able to obtain proof regarding the true creation date of Pour Vilar, I intend to commence the French Litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _____ on this 23 day of January, 2020.

Robert Preslier